**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO. 9:21-cv-80839-KAM

LARRY KLAYMAN, ESQ.

                Plaintiff,

v.

ALM MEDIA LLC, et al.

                Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendants ALM Media LLC ("ALM") and Jacqueline Thomsen ("Thomsen") (collectively, "Defendants"), as and for their Answer to the Complaint of plaintiff Larry Klayman ("Plaintiff"), herein allege as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except to admit that Plaintiff makes the allegations set forth therein.

2. Deny the allegations in paragraph 2 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Plaintiff is a citizen of Florida, where he resides or whether venue is proper.

3. Deny the allegations in paragraph 3 of the Complaint, except allege that defendant ALM publishes, *inter alia*, the National Law Journal ("NLJ"), and admit that NLJ, which is published online, has readers in the State of Florida.

4. Deny the allegations in paragraph 4 of the Complaint, except allege that ALM has offices at 105 S. Narcissus Ave., West Palm Beach, FL 33401.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Deny the allegations in paragraph 6 of the Complaint, except admit that ALM has its headquarters in New York, NY.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, except admit that Thomsen is a reporter for ALM who regularly writes articles for The National Law Journal ("NLJ").

8.     Deny the allegations in paragraph 8 of the Complaint, except admit that NLJ published an article entitled "Larry Klayman Keeps Suing DC Bar Officials. They Want a Court Order Blocking More Lawsuits" (the "Article") on or about March 16, 2021 and respectfully refer the Court to a true and correct copy of the Article (which is attached as Exhibit A) for the content thereof.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, except alleged that the Article was published online.

10.     Deny the allegations in paragraph 10 of the Complaint.

11.     Deny the allegations in paragraph 11 of the Complaint.

12.     Deny the allegations in paragraph 12 of the Complaint.

13.     Deny the allegations in paragraph 13 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof.

14.     Deny the allegations in paragraph 14 of the Complaint.

15.     Deny the allegations in paragraph 15 of the Complaint.

16.     Deny the allegations in paragraph 16 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof, and deny knowledge or

information sufficient to form a belief as to whether Plaintiff provided Thomsen with "verifiable information" as alleged therein.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof, and deny that the Article intentionally omitted material facts.

18. Deny the allegations in paragraph 18 of the Complaint.

19. Deny the allegations in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof, and deny knowledge or information sufficient to form a belief as to the allegations concerning Mathew Kaiser.

22. Deny the allegations in paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the eleventh and twelfth paragraphs), allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff which the Complaint apparently refers to as the "Sataki disciplinary proceeding" and on which the Article's references thereto are based (see Report and Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility in Matter of Larry E. Klayman, issued Oct. 2, 2020, Board Docket No. 17-BD-063, Disciplinary

Docket No. 2011-D028 ("BPR Report and Recommendation"), attached as Exhibit B, and Summary of Discipline Imposed under District of Columbia Court of Appeals Order of January 7, 2021, attached as Exhibit C), and respectfully refer the Court to such documents, which state that Plaintiff was suspended on an interim basis in connection with a report that he had "developed romantic feelings towards his client," as the Article states.

25.     Deny the allegations in paragraph 25 of the Complaint.

26.     Deny the allegations in paragraph 26 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the thirteenth paragraph), allege that the second and third sentences therein are incomprehensible, allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff concerning his representation of a former Judicial Watch employee, donor and former client against the organization, and on which the Article's references thereto are based (see the June 19, 2017 Report and Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility, Hearing Committee Number Nine in Matter of Larry E. Klayman, Board Docket No. 13-BD-084, Bar Docket No. 2008-D048, attached as Exhibit D; February 6, 2018 Report and Recommendation of the Board on Professional Responsibility in the same proceeding, attached as Exhibit E, and the June 11, 2020 District of Columbia Court of Appeals decision, No. 18-BG-0100, attached as Exhibit F), and respectfully refer the Court to such documents, which state that Plaintiff was suspended from the practice of law for 90 days based on his representation of three clients in violation of certain rules.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Deny the allegations in paragraph 28 of the Complaint, except respectfully refer the

4

Court to true and correct copies of the Article and of any materials that Plaintiff sent to Thomsen for the content thereof.

29.     Deny the allegations in paragraph 29 of the Complaint, except respectfully refer the Court to a true and correct copies of the Article (in particular, the sixteenth paragraph) and the referenced Ninth Circuit opinion in *Bundy v. United States District Court for the District of Nevada* (a link to which was included in the Article and which is attached hereto as Exhibit G) for the content thereof.

30.     Deny the allegations in paragraph 30 of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, respectfully refer the Court to a true and correct copy of the Article for the content thereof.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, respectfully refer the Court to a true and correct copy of the Article for the content thereof.

33.     Deny the allegations in paragraph 33 of the Complaint, except admit that Plaintiff sent correspondence to Thomsen on or about March 17, 2021, and respectfully refer the Court to a true and correct copy of such correspondence for the content and effect thereof.

34.     In response to paragraph 34 of the Complaint, repeat and reallege their responses to paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.     Deny the allegations in paragraph 35 of the Complaint.

36.     Deny the allegations in paragraph 36 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof.

37.     Deny the allegations in paragraph 37 of the Complaint, except respectfully refer the

Court to a true and correct copy of the Article for the content thereof, and deny knowledge or information sufficient to form a belief as to whether Plaintiff provided Thomsen with "verifiable information" as alleged therein.

38.     Deny the allegations in paragraph 38 of the Complaint.

39.     Deny the allegations in paragraph 39 of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the eleventh and twelfth paragraphs), allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff which the Complaint apparently refers to as the "Sataki disciplinary proceeding" and on which the Article's references thereto are based (see Report and Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility in Matter of Larry E. Klayman, issued Oct. 2, 2020, Board Docket No. 17-BD-063, Disciplinary Docket No. 2011-D028 ("BPR Report and Recommendation"), attached as Exhibit B, and Summary of Discipline Imposed under District of Columbia Court of Appeals Order of January 7, 2021, attached as Exhibit C), and respectfully refer the Court to such documents, which state that Plaintiff was suspended on an interim basis in connection with a report that he had "developed romantic feelings towards his client," as the Article states.

41.     Deny the allegations in paragraph 41 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the thirteenth paragraph), allege that the second and third sentences therein are incomprehensible, allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff concerning his representation of a former Judicial Watch employee, donor and former client

against the organization, and on which the Article's references thereto are based (see the June 19, 2017 Report and Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility, Hearing Committee Number Nine in Matter of Larry E. Klayman, Board Docket No. 13-BD-084, Bar Docket No. 2008-D048, attached as Exhibit D; February 6, 2018 Report and Recommendation of the Board on Professional Responsibility in the same proceeding, attached as Exhibit E, and the June 11, 2020 District of Columbia Court of Appeals decision, No. 18-BG-0100, attached as Exhibit F), and respectfully refer the Court to such documents, which state that Plaintiff was suspended from the practice of law for 90 days based on his representation of three clients in violation of certain rules.

42.     Deny the allegations in paragraph 42 of the Complaint, except respectfully refer the Court to a true and correct copies of the Article (in particular, the sixteenth paragraph) and the referenced Ninth Circuit opinion in *Bundy v. United States District Court for the District of Nevada* (a link to which was included in the Article and which is attached hereto as Exhibit G) for the content thereof.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, respectfully refer the Court to a true and correct copy of the Article for the content thereof.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof.

45.     Deny the allegations in paragraph 45 of the Complaint.

46.     Deny the allegations in paragraph 46 of the Complaint.

47.     Deny the allegations in paragraph 47 of the Complaint.

48.     In response to paragraph 48 of the Complaint, repeat and reallege their responses to paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.     Deny the allegations in paragraph 49 of the Complaint.

50.     Deny the allegations in paragraph 50 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof.

51.      Deny the allegations in paragraph 51 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof, and deny knowledge or information sufficient to form a belief as to whether Plaintiff provided Thomsen with "verifiable information" as alleged therein.

52.     Deny the allegations in paragraph 52 of the Complaint.

53.     Deny the allegations in paragraph 53 of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the eleventh and twelfth paragraphs), allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff which the Complaint apparently refers to as the "Sataki disciplinary proceeding" and on which the Article's references thereto are based (see Report and Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility in Matter of Larry E. Klayman, issued Oct. 2, 2020, Board Docket No. 17-BD-063, Disciplinary Docket No. 2011-D028 ("BPR Report and Recommendation"), attached as Exhibit B, and Summary of Discipline Imposed under District of Columbia Court of Appeals Order of January 7, 2021, attached as Exhibit C), and respectfully refer the Court to such documents, which state that Plaintiff was suspended on an interim basis in connection with a report that he had "developed

romantic feelings towards his client," as the Article states.

55.     Deny the allegations in paragraph 55 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the thirteenth paragraph), allege that the second and third sentences therein are incomprehensible, allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff concerning his representation of a former Judicial Watch employee, donor and former client against the organization, and on which the Article's references thereto are based (see the June 19, 2017 Report and Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility, Hearing Committee Number Nine in Matter of Larry E. Klayman, Board Docket No. 13-BD-084, Bar Docket No. 2008-D048, attached as Exhibit D; February 6, 2018 Report and Recommendation of the Board on Professional Responsibility in the same proceeding, attached as Exhibit E, and the June 11, 2020 District of Columbia Court of Appeals decision, No. 18-BG-0100, attached as Exhibit F), and respectfully refer the Court to such documents, which state that Plaintiff was suspended from the practice of law for 90 days based on his representation of three clients in violation of certain rules.

56.     Deny the allegations in paragraph 56 of the Complaint, except respectfully refer the Court to a true and correct copies of the Article (in particular, the sixteenth paragraph) and the referenced Ninth Circuit opinion in *Bundy v. United States District Court for the District of Nevada* (a link to which was included in the Article and which is attached hereto as Exhibit G) for the content thereof.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, respectfully refer the Court to a true and correct copy of the Article for the content thereof.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof.

59.     Deny the allegations in paragraph 59 of the Complaint.

60.     Deny the allegations in paragraph 60 of the Complaint.

61.     Deny the allegations in paragraph 61 of the Complaint.

62.     In response to paragraph 62 of the Complaint, repeat and reallege their responses to paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63.     Deny the allegations in paragraph 63 of the Complaint.

64.      Deny the allegations in paragraph 64 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof.

65.     Deny the allegations in paragraph 65 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof, and deny knowledge or information sufficient to form a belief as to whether Plaintiff provided Thomsen with "verifiable information" as alleged therein.

66.     Deny the allegations in paragraph 66 of the Complaint.

67.     Deny the allegations in paragraph 67 of the Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the eleventh and twelfth paragraphs), allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff which the Complaint apparently refers to as the "Sataki disciplinary proceeding" and on which the Article's references thereto are based (see Report and

Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility in Matter of Larry E. Klayman, issued Oct. 2, 2020, Board Docket No. 17-BD-063, Disciplinary Docket No. 2011-D028 ("BPR Report and Recommendation"), attached as Exhibit B, and Summary of Discipline Imposed under District of Columbia Court of Appeals Order of January 7, 2021, attached as Exhibit C), and respectfully refer the Court to such documents, which state that Plaintiff was suspended on an interim basis in connection with a report that he had "developed romantic feelings towards his client," as the Article states.

69.     Deny the allegations in paragraph 69 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the thirteenth paragraph), allege that the second and third sentences therein are incomprehensible, allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff concerning his representation of a former Judicial Watch employee, donor and former client against the organization, and on which the Article's references thereto are based (see the June 19, 2017 Report and Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility, Hearing Committee Number Nine in Matter of Larry E. Klayman, Board Docket No. 13-BD-084, Bar Docket No. 2008-D048, attached as Exhibit D; February 6, 2018 Report and Recommendation of the Board on Professional Responsibility in the same proceeding, attached as Exhibit E, and the June 11, 2020 District of Columbia Court of Appeals decision, No. 18-BG-0100, attached as Exhibit F), and respectfully refer the Court to such documents, which state that Plaintiff was suspended from the practice of law for 90 days based on his representation of three clients in violation of certain rules.

70.     Deny the allegations in paragraph 70 of the Complaint, except respectfully refer the Court to a true and correct copies of the Article (in particular, the sixteenth paragraph) and the

referenced Ninth Circuit opinion in *Bundy v. United States District Court for the District of Nevada* (a link to which was included in the Article and which is attached hereto as Exhibit G) for the content thereof.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint, respectfully refer the Court to a true and correct copy of the Article for the content thereof.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint, respectfully refer the Court to a true and correct copy of the Article for the content thereof.

73.     Deny the allegations in paragraph 73 of the Complaint.

74.     Deny the allegations in paragraph 75 of the Complaint.

75.     Deny the allegations in paragraph 74 of the Complaint.

76.     Deny the allegations in paragraph 76 of the Complaint.

77.     In response to paragraph 77 of the Complaint, repeat and reallege their responses to paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78.     Deny the allegations in paragraph 78 of the Complaint.

79.      Deny the allegations in paragraph 79 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof.

80.     Deny the allegations in paragraph 80 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof, and deny knowledge or information sufficient to form a belief as to whether Plaintiff provided Thomsen with "verifiable information" as alleged therein.

81.     Deny the allegations in paragraph 81 of the Complaint.

82.     Deny the allegations in paragraph 82 of the Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the eleventh and twelfth paragraphs), allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff which the Complaint apparently refers to as the "Sataki disciplinary proceeding" and on which the Article's references thereto are based (see Report and Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility in Matter of Larry E. Klayman, issued Oct. 2, 2020, Board Docket No. 17-BD-063, Disciplinary Docket No. 2011-D028 ("BPR Report and Recommendation"), attached as Exhibit B, and Summary of Discipline Imposed under District of Columbia Court of Appeals Order of January 7, 2021, attached as Exhibit C), and respectfully refer the Court to such documents, which state that Plaintiff was suspended on an interim basis in connection with a report that he had "developed romantic feelings towards his client," as the Article states.

84.     Deny the allegations in paragraph 84 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the thirteenth paragraph), allege that the second and third sentences therein are incomprehensible, allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff concerning his representation of a former Judicial Watch employee, donor and former client against the organization, and on which the Article's references thereto are based (see the June 19, 2017 Report and Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility, Hearing Committee Number Nine in Matter of Larry E. Klayman, Board Docket No. 13-BD-084, Bar Docket No. 2008-D048, attached as Exhibit D; February 6,

2018 Report and Recommendation of the Board on Professional Responsibility in the same proceeding, attached as Exhibit E, and the June 11, 2020 District of Columbia Court of Appeals decision, No. 18-BG-0100, attached as Exhibit F), and respectfully refer the Court to such documents, which state that Plaintiff was suspended from the practice of law for 90 days based on his representation of three clients in violation of certain rules.

85.     Deny the allegations in paragraph 85 of the Complaint, except respectfully refer the Court to a true and correct copies of the Article (in particular, the sixteenth paragraph) and the referenced Ninth Circuit opinion in *Bundy v. United States District Court for the District of Nevada* (a link to which was included in the Article and which is attached hereto as Exhibit G) for the content thereof.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint, respectfully refer the Court to a true and correct copy of the Article for the content thereof.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof.

88.     Deny the allegations in paragraph 88 of the Complaint.

89.     Deny the allegations in paragraph 89 of the Complaint.

90.     Deny the allegations in paragraph 90 of the Complaint.

91.      Deny the allegations in paragraph 91 of the Complaint.

92.     In response to paragraph 92 of the Complaint, repeat and reallege their responses to paragraphs 1 through 91 of the Complaint as if fully set forth herein.

93.     Deny the allegations in paragraph 93 of the Complaint.

94.     Deny the allegations in paragraph 94 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof.

95.     Deny the allegations in paragraph 95 of the Complaint, respectfully refer the Court to a true and correct copy of the Article for the content thereof, and deny knowledge or information sufficient to form a belief as to whether Plaintiff provided Thomsen with "verifiable information" as alleged therein.

96.     Deny the allegations in paragraph 96 of the Complaint.

97.     Deny the allegations in paragraph 97 of the Complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the eleventh and twelfth paragraphs), allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff which the Complaint apparently refers to as the "Sataki disciplinary proceeding" and on which the Article's references thereto are based (see Report and Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility in Matter of Larry E. Klayman, issued Oct. 2, 2020, Board Docket No. 17-BD-063, Disciplinary Docket No. 2011-D028 ("BPR Report and Recommendation"), attached as Exhibit B, and Summary of Discipline Imposed under District of Columbia Court of Appeals Order of January 7, 2021, attached as Exhibit C), and respectfully refer the Court to such documents, which state that Plaintiff was suspended on an interim basis in connection with a report that he had "developed romantic feelings towards his client," as the Article states.

99.     Deny the allegations in paragraph 99 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the thirteenth

paragraph), allege that the second and third sentences therein are incomprehensible, allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff concerning his representation of a former Judicial Watch employee, donor and former client against the organization, and on which the Article's references thereto are based (see the June 19, 2017 Report and Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility, Hearing Committee Number Nine in Matter of Larry E. Klayman, Board Docket No. 13-BD-084, Bar Docket No. 2008-D048, attached as Exhibit D; February 6, 2018 Report and Recommendation of the Board on Professional Responsibility in the same proceeding, attached as Exhibit E, and the June 11, 2020 District of Columbia Court of Appeals decision, No. 18-BG-0100, attached as Exhibit F), and respectfully refer the Court to such documents, which state that Plaintiff was suspended from the practice of law for 90 days based on his representation of three clients in violation of certain rules.

100.    Deny the allegations in paragraph 100 of the Complaint, except respectfully refer the Court to a true and correct copies of the Article (in particular, the sixteenth paragraph) and the referenced Ninth Circuit opinion in *Bundy v. United States District Court for the District of Nevada* (a link to which was included in the Article and which is attached hereto as Exhibit G) for the content thereof.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint, respectfully refer the Court to a true and correct copy of the Article for the content thereof.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint, respectfully refer the Court to a true and correct copy of the Article for the content thereof.

103.    Deny the allegations in paragraph 103 of the Complaint.

104.    Deny the allegations in paragraph 104 of the Complaint.

105.    Deny the allegations in paragraph 105 of the Complaint.

106.    Deny the allegations in paragraph 106 of the Complaint.

107.    Deny the allegations in paragraph 107 of the Complaint.

108.    In response to paragraph 108 of the Complaint, repeat and reallege their responses to paragraphs 1 through 107 of the Complaint as if fully set forth herein.

109.    Deny the allegations in paragraph 109 of the Complaint.

110.    Deny the allegations in paragraph 110 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof.

111.    Deny the allegations in paragraph 111 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof, and deny knowledge or information sufficient to form a belief as to whether Plaintiff provided Thomsen with "verifiable information" as alleged therein.

112.    Deny the allegations in paragraph 112 of the Complaint.

113.    Deny the allegations in paragraph 113 of the Complaint.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the eleventh and twelfth paragraphs), allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff which the Complaint apparently refers to as the "Sataki disciplinary proceeding" and on which the Article's references thereto are based (see Report and Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility

in Matter of Larry E. Klayman, issued Oct. 2, 2020, Board Docket No. 17-BD-063, Disciplinary Docket No. 2011-D028 ("BPR Report and Recommendation"), attached as Exhibit B, and Summary of Discipline Imposed under District of Columbia Court of Appeals Order of January 7, 2021, attached as Exhibit C), and respectfully refer the Court to such documents, which state that Plaintiff was suspended on an interim basis in connection with a report that he had "developed romantic feelings towards his client," as the Article states.

115.   Deny the allegations in paragraph 115 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof (in particular, the thirteenth paragraph), allege that the second and third sentences therein are incomprehensible, allege that the Article contains links to official reports and orders in the disciplinary proceeding against Plaintiff concerning his representation of a former Judicial Watch employee, donor and former client against the organization, and on which the Article's references thereto are based (see the June 19, 2017 Report and Recommendation of District of Columbia Court of Appeals Board on Professional Responsibility, Hearing Committee Number Nine in Matter of Larry E. Klayman, Board Docket No. 13-BD-084, Bar Docket No. 2008-D048, attached as Exhibit D; February 6, 2018 Report and Recommendation of the Board on Professional Responsibility in the same proceeding, attached as Exhibit E, and the June 11, 2020 District of Columbia Court of Appeals decision, No. 18-BG-0100, attached as Exhibit F), and respectfully refer the Court to such documents, which state that Plaintiff was suspended from the practice of law for 90 days based on his representation of three clients in violation of certain rules.

116.   Deny the allegations in paragraph 116 of the Complaint, except respectfully refer the Court to a true and correct copies of the Article (in particular, the sixteenth paragraph) and the referenced Ninth Circuit opinion in *Bundy v. United States District Court for the District of Nevada*

(a link to which was included in the Article and which is attached hereto as Exhibit G) for the content thereof.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint, respectfully refer the Court to a true and correct copy of the Article for the content thereof.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Complaint, except respectfully refer the Court to a true and correct copy of the Article for the content thereof.

119.    Deny the allegations in paragraph 119 of the Complaint.

120.    Deny the allegations in paragraph 120 of the Complaint.

121.    Deny the allegations in paragraph 121 of the Complaint.

122.    Deny the allegations in paragraph 122 of the Complaint.

123.    Deny the allegations in paragraph 123 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

124.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

125.    Plaintiff's claims are barred by the fair report privilege.

## THIRD AFFIRMATIVE DEFENSE

126.    Plaintiff's claims are barred based on the doctrine of substantial truth.

## FOURTH AFFIRMATIVE DEFENSE

127.    Plaintiff's claims are barred because Defendant's speech is protected under the First Amendment of the United States Constitution, Art. I, Sec. 4 of the Florida Constitution, and by Florida's Anti-SLAPP statute codified at Fla. Stat. § 768.295.

### FIFTH AFFIRMATIVE DEFENSE

128.    Plaintiff's claims are barred because they will be unable to establish that the challenged statements were published with the requisite degree of constitutional fault.

### SIXTH AFFIRMATIVE DEFENSE

129.    Plaintiff's claims are barred because they concern non-actionable and constitutionally protected opinion.

### SEVENTH AFFIRMATIVE DEFENSE

130.    Plaintiff's claims are barred by the neutral reportage privilege.

WHEREFORE, Defendants pray for judgment dismissing the Complaint in its entirety, awarding them their attorneys' fees and costs under Florida Statutes section 768.295, and granting such other and further relief as the Court deems just and proper.


Dated: June 17, 2021

**PRYOR CASHMAN LLP**
201 South Biscayne Blvd., 27th Floor
Miami, Florida 33131
Tel. (786) 582-3011

By: /s/ *Hans H. Hertell*
Hans H. Hertell
Florida Bar No. 71969
Tom J. Ferber, Esq. (admitted *pro hac vice*)
hhertell@pryorcashman.com
tferber@pryorcashman.com
ksuarez@pryorcashman.com

*Counsel for Defendants ALM Media LLC
and Jacqueline Thomsen*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on June 17, 2021 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send Notices of Electronic Filing to all counsel of record.

<u>/s/ *Hans H. Hertell*</u>
