UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80839-CIV-MARRA

**LARRY KLAYMAN, ESQ.,**

    **Plaintiff,**

vs.

**ALM MEDIA LLC and
JACQUELINE THOMSEN,**

    **Defendants.**
_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court *sua sponte* for review of the court file. This action was initiated on May 7, 2021 through a removal proceeding from the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County Florida, Case No. 50-2021-CA-00470. On May 10, 2021, the Court entered its Order requiring counsel to confer no later than May 31, 2021 for purposes of preparing a joint proposed scheduling order, and to submit the joint proposal to the Court within fourteen days of the conference [DE 3].

To date, the parties have not submitted a joint scheduling report in accordance with the precepts of that Order. Instead, according to Defendant's "informative motion" filed July 9, 2021 [DE 10], Plaintiff, an attorney appearing *pro se*, sporadically responded to inquiries on a suggested conference time, while ignoring a series of phone calls and emails seeking confirmation of a meeting date within time frame prescribed by the Court. Defendants contend that Plaintiff's repeated failure to cooperate in the scheduling of the conference constitutes deliberate disregard and flouting of the authority of the Court meriting the ultimate sanction of dismissal [DE 10,

¶¶15-16].

The Court finds it unnecessary to address the merits of Defendants' "informative" motion, and by this Order makes no finding on the merits of the claimed communication impediment described in the motion. The record reflects that the time for submission of a joint proposed scheduling report is now long expired, with no submission from Plaintiff seeking additional time or the intervention of the Court in the enforcement of the scheduling order.

Under its initial scheduling order, the parties were obligated to participate in the scheduling conference and were charged with "joint responsibility" for a written report of their conference outlining a jointly-proposed discovery plan and pretrial procedures. [DE 3 ¶ 3]. The Order further warned that "[f]ailure of counsel or unrepresented parties to file a discovery plan report or joint scheduling report may result in dismissal, default and the imposition of other sanctions including attorney's fees and costs. Id at ¶ 6.

As nearly thirty days has now elapsed since expiration of the deadline for submission of the joint scheduling report, with no just or reasonable cause advanced by Plaintiff for the delay, it is **ORDERED AND ADJUDGED**:

1. Within **TEN (10) DAYS** from the date of entry of this Order, Plaintiff shall **SHOW CAUSE**, in writing, why this action should not be dismissed due to Plaintiff's failure to timely participate in the scheduling conference and in the filing of a jointly-proposed scheduling report as previously directed by this Court.

2. Failure to respond timely to this Order may result in a final order of dismissal without prejudice without further warning from the Court.

3. Defendants' informative motion [DE 3] is **DENIED AS MOOT** without prejudice to renew following submission of Plaintiff's show cause statement.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 12th day of July, 2021.

KENNETH A. MARRA
United States District Judge

cc. all parties