UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-80839-MARRA

**LARRY KLAYMAN, ESQ.,**

    Plaintiff,

vs.

**ALM MEDIA, LLC and
JACQUELINE THOMSEN,**

    Defendants.
_____/

**ORDER DISMISSING ACTION WITHOUT PREJUDICE
FOR FAILURE TO COMPLY WITH SHOW CAUSE ORDER
AND
ORDER CLOSING CASE**

On July 12, 2021, this Court entered its Order directing the *pro se* Plaintiff, Larry Klayman, Esq., a member of the Florida Bar, to show cause as to why this case should not be dismissed for failure to comply timely with the Court's initial scheduling order directing the submission of a joint scheduling report from the parties, given the lack of any record indication that Plaintiff needed additional time to prepare the report or needed assistance from the Court in the enforcement of the order [DE 11]. The July 12, 2021 Show Cause Order directed the submission of a written response from Plaintiff within ten days, and reminded Plaintiff, citing the initial scheduling order, that "[f]ailure or counsel or unrepresented parties to file a discovery plan report or joint scheduling report may result in dismissal, default and the imposition of other sanctions including attorney's fees and costs." DE 3 at ¶6.

1

The Order further warned the Plaintiff that "[f]ailure to respond timely to [the show cause directive] may result in a final order of dismissal without prejudice without further warning from the Court." DE 11, ¶2. The Order was entered on July 12, 2021, and the Clerk's Office has since confirmed that service of the order on the *pro se* Plaintiff was accomplished by U.S. mail, by placement of a copy of the order in the U.S. mails directed to Plaintiff at his address of record on the same date.

"Rule 41(b) of the Federal Rules of Civil Procedure 'authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules.'" *Tweed v. State of Florida*, 151 Fed. Appx. 856, at *1 (11th Cir. 2005) (quoting *Gratton v. Great American Communications,* 178 F.3d 1373, 1374 (11th Cir. 1999)). In addition, a district court has "inherent [] authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange Bank v. Hartline,* 693 F.2d 1350, 1353 (11th Cir. 1982). The court may order dismissal either on motion of a party or *sua sponte. Chambers v. NASCO, Inc*., 501 U.S. 32, 111 S. Ct. 2123, 115 L.Ed. 2d 27 (1991).

Here, the Plaintiff has disregarded two distinct Court orders directing him to take specific action relative to his participation in a conference of counsel and the submission of a joint scheduling report, orders which included explicit written warnings of the consequences of noncompliance. Against this background, the Court finds dismissal to be an appropriate sanction against Plaintiff, who is a member of the Florida Bar and well acquainted with the rules of this Court and the consequences of noncompliance with the governing rules of procedure and lawful directives of the Court. *See generally McKelvey v. AT & T Technologies, Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Having twice

ignored the directives of this Court, there is no reason to believe that any further orders or directives would elicit a different result. *See e.g. Jones v. Coty, Inc.,* 2018 WL 4001277 (S.D. Ala. 2018*); Carter v. J.A. Logistics, Inc*., 2016 WL 2337869 (M.D. Ala. 2016).

In short, Plaintiff has failed to comply with Court Orders and imposed deadlines in this case, despite clear warning, and he has failed to proffer any explanation of cause for his failure to do so. Plaintiff's failure to respond has resulted in unreasonable delay, which is presumed prejudicial to Defendants, and it has frustrated the efforts of this Court in managing and overseeing the cases on its docket, resulting in a wasteful expenditure of judicial resources. Having considered all relevant factors bearing on the Court's inherent authority to sanction errant litigants, including the power to dismiss an action for failure to prosecute, the Court concludes that Plaintiff's' contumacious disregard of the authority of this Court warrants the severe sanction of dismissal. *See e.g. Garrison v. International Paper Co*., 714 F.2d 757 (8th Cir. 1983); *Yok Hing Law v. Alameda County Superior Court*, 2013 WL 12170635 (N.D. Cal. 2013).

It is accordingly **ORDERED AND ADJUDGED**:

The above-styled action is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply timely with orders of this Court. The Clerk is accordingly directed to **CLOSE** this case and terminate any pending motions as **MOOT.**

**DONE and SIGNED** in Chambers at West Palm Beach, Florida this 27th day of July, 2021.

KENNETH A. MARRA
United States District Judge

cc.

all counsel
Larry Klayman, *pro se*